BAY and another *against* CHURCH.

To subject the indorser of a promissory note, a notarial protest of its dishon-
our is not necessary, though the note be made in, and by an inhabitant of,
one state, payable at a place in, and indorsed to an inhabitant of, another
state.

THIS was an action against the defendant as indorser of a
promissory note. The declaration described the note as
having been made by *The Canaan Iron Company*, a compa-
ny incorporated by the legislature of this state, located and
doing business in the town of *Canaan* in this state, bearing
date the 26th day of *August*, 1839, promising to pay to the
order of the defendant, sixty days after date, 750 dollars, at
the *Pine Plains Bank*, *Duchess* county, *N. Y.*

The defendant pleaded in bar, that the plaintiffs, at the
time of the indorsement of the note, were, and ever since
have been, inhabitants of and residents in the state of *New-
York ;* and that neither they, nor any other person, ever
caused a notarial protest to be made of the dishonour of said
note ; nor ever gave notice of such protest to any of the
parties thereto ; nor has the defendant, or any of the parties
to said note, ever had notice of such protest.

To this plea the defendants demurred ; and thereupon the
case was reserved for the advice of this court as to what
judgment should be rendered.

*Hubbard*, in support of the demurrer, contended, 1.
That the solemnity of a notarial protest is never necessary,
in the case of a promissory note ; because, in the first place,
notes are assignable only by statute, and are thereby placed
on the footing of *inland* bills of exchange ; and it was never
necessary to protest such a bill, to enable the holder to collect
the amount of it of the drawer. *Stat.* 477. (ed. 1838.)
*Norton* v. *Lewis*, 2 *Conn. Rep.* 480. *Chitt. Bills*, 14. 1 *Sw.
Dig.* 418. *Bayl.* 261. *Cummings* v. *Fisher, Anth. N. P.*
1. and n. *a.* The statute embraces all promissory notes of
the class to which this belongs ; and all such as are not em-
braced by it, remain, as at common law, unassignable.

But secondly, admitting the paper in question to be gov-
erned by the law merchant, independently of the statute, it
is not a foreign bill. Both drawer and drawee reside in this

state; and the fact that the bill is made payable in the state of *New-York*, does not render a notarial protest necessary. *The Union Bank* v. *Hyde*, 6 *Wheat.* 572. *Young* v. *Bryan* & al. 6 *Wheat.* 146. *Miller* v. *Hackley*, 5 *Johns. Rep.* 375. *Nicholls* v. *Webb*, 8 *Wheat.* 326.

Thirdly, a promissory note does not, by indorsement, become a bill of exchange, inland or foreign; though it may, in some respects, *resemble* one. Damages could not be recovered on this note, as on a bill.

2. That the plea of the defendant is insufficient, because it does not aver, that the defendant sustained *any damage*, by the neglect of the plaintiffs. *Commercial Bank of Albany* v. *Hughes*, 17 *Wend.* 94.

3. That if a protest was necessary, the want of an averment of it in the declaration should be taken advantage of, by special demurrer.

*L. Church*, contra, insisted, 1. That protest of foreign bills of exchange, and notice of such protest, are necessary. 1 *Cranch* 205. n. 10 *Mass. Rep.* 5. This position has not been, and will not be, controverted.

2. That a bill drawn in one state upon a person in another, is a foreign bill. *Buckner* v. *Finley* & al. 2 *Pet.* 586. *Id. append. No.* 2. *p.* 688. *Townsley*, v. *Sumrall*, *Id.* 170. *Phenix Bank* v. *Hussey* & al. 12 *Pick.* 483. *Wells* v. *Whitehead*, 15 *Wend.* 527. *Bank of the United States* v. *Daniel* & al. 12 *Pet.* 54, 5. *Halliday* v. *McDougal* & al. 20 *Wend.* 81. 22 *Wend.* 226.

3. That a promissory note, negotiated by indorsement, is a bill of exchange. It is then an order by the indorser, upon the maker, of the note, to pay the contents to the indorsee. The indorser is the drawer; the maker of the note is the acceptor; and the indorsee is the person to whom it is made payable. *Heylyn* & al. v. *Adamson*, 2 *Burr.* 676. *Brown* v. *Harraden*, 4 *Term Rep.* 148. *Bishop* v. *Dexter*, 2 *Conn. Rep.* 419. 421.

4. That if the law of this state as to the necessity of a notarial protest, is not identical with that of *New-York*, the law of the state in which the bill or note is payable, is to govern in the construction of the contract; and it is to be performed according to the law of that state. 12 *Pet.* 55.

2 *Pet.* 586.   2 *Burr.* 1078, 9.   13 *Mass. Rep.* 4.   *Smith* v. *Mead*, 3 *Conn. Rep.* 253. 255.

*Litchfield,*
*June, 1842.*

Bay
v.
Church.

5. That if a notarial protest was necessary in this case, it was incumbent on the plaintiffs to allege it in their declaration; and if the plea is not technically formal, it is well enough for a bad declaration.

STORRS, J.  This is an action brought by the plaintiffs, citizens of the state of *New-York*, against the defendant, a citizen of this state, as the indorser of a promissory note, drawn by a corporation located in and incorporated by the legislature of this state, and made payable in the state of *New-York ;* and the only question is, whether a formal notarial protest is requisite in order to charge the defendant.

The defendant claims, that the indorsement of this note to the plaintiffs constituted a bill of exchange, drawn by the defendant on the maker, in favour of the plaintiffs ; and that, as the plaintiffs were inhabitants of and residents in the state of *New-York*, and the note was payable in that state, such bill was a foreign bill ; and therefore, that a formal protest was necessary.

There is no doubt that a notarial protest is indispensable in case of the non-acceptance or non-payment of foreign bills. Such protest is said to be a part of the very constitution of a foreign bill.  It is in accordance with the general custom of merchants, and is thus a part of what is termed the *lex mercatoria*, or *law merchant*, which is incorporated into the common law and constitutes a part of it.  *Gale* v. *Walsh*, 5 *Term Rep.* 239.  *Orr* v. *Maginnis*, 7 *East* 359.  *Union Bank* v. *Hyde*, 6 *Wheat.* 572.  1 *Cranch* 263.  1 *Chitt. Bills*, 215.  This quality, however, does not belong to inland bills ; and it has always been held, with regard to them, not only that no protest is necessary, but that such protest at common law could not be made.  1 *Chitt. Bills* 215. 310. 6 *Wheat. Rep.* 146. 572.  8 *Wheat. Rep.* 326.  Foreign bills had their origin at a much earlier period than inland bills. 1 *Chitt. Bills*, 7.  And when it was determined, that the quality of negotiability and the same principles of construction attached to the latter as to the former, they were deemed unlike in respect to the necessity of a protest.  *Kyd on Bills* 142.  In *England*, it is by virtue of statutory provisions alone,

*Litchfield,*
*June, 1842.*

Bay
*v.*
Church.

that inland bills of any description can be protested. We have no such statute. There, however, it is necessary only to enable the holder to recover damages ; and the amount of the bill with interest may be recovered, without a protest. 1 *Chitt.* 218.

With respect to promissory notes, it is unnecessary to examine the much agitated question whether they were negotiable by the common law of *England.* In *Connecticut*, it was well settled, prior to the statute of *October*, 1811, that they were not negotiable. That statute provides, that all promissory notes, to the amount of thirty five dollars or more, for the payment of money only, and made payable to order or bearer, shall be assignable and negotiable according to the custom of merchants and the laws relating to inland bills of exchange. If, therefore, a promissory note negotiated by indorsement, is, as claimed by the defendant, to be deemed a bill of exchange, it is an inland, and not a foreign, bill, and partakes only of the properties of the former. 2 *Conn. Rep.* 478. The necessity of a protest is not one of those properties. On principle, therefore, no protest was necessary, in this case.

The authorities on this point are also decisive. In *Young* v. *Bryan* & al. 6 *Wheat. Rep.* 146. which was an action brought by a citizen of *Pennsylvania* against a citizen of *Tennessee*, as the indorser of a promissory note drawn by another citizen of *Tennessee*, and indorsed to the plaintiff, it was held, that no protest was necessary. Ch. J. *Marshall*, in giving the opinion of the court, considers the point so entirely settled, that he merely says, " No protest of a promissory note or inland bill of exchange is necessary." The same principle is also decided in *Union Bank* v. *Hyde*, 6 *Wheat. Rep.* 572. and in *Nicholls* v. *Webb*, 8 *Wheat.* 326.

The defendant insists, that the note in question, being drawn payable in the state of *New-York*, is to be governed by the laws of that state. If this be admitted, it does not aid the defendant, since it does not appear what the law of *New-York* is on the subject ; and, in the absence of any averment respecting it, we are to presume that it is the same as our own.

The superior court should, therefore, be advised, that the plea is insufficient.

*Litchfield,*
June, 1842.

Bay
*v.*
Church.

In this opinion the other Judges concurred, except CHURCH, J., who gave no opinion, being related to one of the parties.

Plea insufficient.