R. R. McIlvaine v. M. A. Bradley, et al.

1. The words "protest waived" written over the name of the indorser of a promissory note, etc., are held to be a waiver of all the steps required by law to fix his liability, and that the indorser intended to dispense with the legal formalities of demand and notice.

2. When the act of the notary is waived, it is equivalent to what his act, if legally performed, would be when offered in evidence.

3. No consideration need be shown for such waiver, as the act of the indorser is an estoppel, and he can not deny it or invalidate its terms.

Special Term.—Action against Miles A. Bradley, maker, and Vanaken Wunder, indorser of a promissory note in words and figures following, viz:

"$1,000.                    Cincinnati, July 21, 1848.

Thirty days after date, for value received, we, jointly and severally, promise to pay, to the order of Vanaken Wunder, one thousand dollars. And it is agreed that the liability of neither of us shall be affected by further time being given for payment. And in case said sum shall not be paid when due, we do hereby empower any attorney of record in the United States to appear for us, or either of us, before any court having competent jurisdiction, waive process, and without notice given to us, to confess a judgment against us, or either of us, for the above sum and interest thereon, from the time the same becomes due, and to release all errors, and to waive the right of appeal.

M. A. BRADLEY & CO.
PETER VOORHIS."

Indorsed "Protest waived.

VANAKEN WUNDER."

The defendant, Wunder, filed his answer, setting up that the note, when it became due, was not presented to the makers for payment; and secondly, that notice of the non-payment thereof was not given to him.

*Snelbaker & Phillips*, for plaintiff.

*Miner & Oliver*, for defendant Wunder.

STORER, J.  I hold, in this case, that the indorser might dispense with the presentment and notice, required to charge him, by agreement made before the maturity of the contract: That no consideration need be shown for the agreement, as the act of the indorser was an estoppel, and he ought not to be permitted to deny it, or invalidate its terms.  Story on Prom. Notes, §§271, 272, 273, and cases there cited.

· What shall be regarded as intending to waive demand and notice, must depend upon the ordinary rule of construction, which is applied to the acts and language of all parties, whether they are embodied in writing, or proved by parol and submitted to the court, to be legally interpreted.  To determine that meaning, in a case like this, we must understand the object the parties had in view, the matter before them, and the general understanding of merchants, of the terms used, or the language employed to express them. 6 Wheaton, 574–576, *The Union Bank.* v. *Hyde;* 8 Greenleaf, 213, *Fuller* v. *McDonald;* 4 Pickering, 525, *Boyd* v. *Cleveland;* 11 Wendell, 634, *Backus* v. *Shipherd.*

Whenever, as in the present case, the words "protest waived" are found over the name of the indorser, we must hold that they were intended to be a waiver of all the steps required by law to fix his liability.  It is universally known, that a protest is never made until a formal demand of payment, by the notary; and it is but the just inference, from the act of the indorser, that he intended to dispense with all legal formalities precedent to his liability.

By the statute now in force, the protest of the notary, in actions upon promissory notes, as well as bills of exchange, is *prima facie* evidence of all the facts stated by the officer, which, by law, he is required to perform, in order to charge the indorser; and, it must necessarily follow, when the act of the notary is waived, it is equivalent to what his act, if legally

performed, would be when offered in evidence. This is the construction of the Supreme Court of Pennsylvania, under a similar statute to ours. 10 Barr, 103, *Scott* v. *Greer.*

But the direct question is decided in 3 Denio, 17, *Coddington* v. *Davis;* and affirmed in error in the same case. 1 Comstock, 186.

This construction follows out the practice in the French courts, where it is held, if the words " *retour sans protêt,*" or " *sans frais,*" are written upon the bill, they dispense with the usual formalities of demand and notice. Story on Prom. Notes, §273; Byles on Bills, 204; Chitty on Bills, 165, 9th edition.

Some judges have limited the effect of the waiver, confining it merely to the notice, and insisting that the presentment should be proved, as in 5 Shepley, 16, *Drinkwater* v. *Tebbetts;* 1 Louis. An. 312, *Wall* v. *Bry;* 22 Vermont, 561, *Buchanan* v. *Marshall.* This construction is on the ground, that the agreement to waive must be construed strictly, and can not be extended beyond the obvious meaning of its terms, but it seems to me the argument proves too much, for at last the question is, what did the parties intend ? I find no difficulty in holding that the words used imply a waiver of all the steps required to hold the indorser, and judgment is rendered against him.

Judgment for plaintiff.