LYMAN E. CRANDALL

v.

JOHN BARTON PAYNE.

*Filed at Ottawa January 15, 1895.*

CONTRACTS—*stranger cannot recover for breach.* A stranger to a contract, who is to derive only an incidental benefit therefrom, can not recover for a breach thereof.

*Crandall* v. *Payne*, 54 Ill. App. 644, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

This is an action for money had and received, brought by appellant, against appellee, in the circuit court of Cook county. The cause was tried before the court without a jury, and judgment was rendered for appellee. On appeal to the Appellate Court that judgment was affirmed.

The facts in the case as found by the lower courts, and as to which there was no serious controversy, are, in substance, as follows: On April 2, 1891, a written contract was entered into between Henry E. Goodrich and Nellie F. Stone, of the first part, and Emmet C. Gibson, of the second part. This contract provided for the sale and conveyance by Goodrich and Mrs. Stone to Gibson of the following properties: First, a leasehold interest in the property situate on the corner of Lincoln and Cleveland avenues, in the city of Chicago, being the

south eighty-four and one-half feet of sub-lot 1, of the subdivision of certain lots in canal trustees' subdivision of section 33, township 40, north, range 14, etc.; second, block 7, consisting of forty-eight lots in Lyman E. Crandall's Irwin Boulevard subdivision of Grand View. At the time of the making of the contract in question, the title to this last mentioned property was in Crandall, the appellant, subject to a contract of purchase by Mrs. Stone's husband, Herman E. Stone, and it was agreed that a proper conveyance thereof to Gibson should be procured, subject to the payment of $260, net, per lot. By this contract Gibson, on his part, agreed to pay Goodrich and Mrs. Stone $5000 in money, $2000 of which was paid into the hands of the appellee, Payne, in escrow, at the time of the making of the agreement, and the remaining $3000 was to be paid when the abstract of the Lincoln avenue property had been examined by Gibson's attorney and the title found to be good, it being agreed that all this should be done within twelve days from the date of the contract; and it was further agreed that when this $5000 was paid, a deed of conveyance of the said leasehold property should be delivered to Gibson. The latter also agreed to convey to Goodrich and Mrs. Stone a property known as the "Buell & Alden Block," situate in Minneapolis, Minnesota, subject to two mortgages, aggregating $85,000, it being provided that if, for any reason, Gibson should not be able to make title to this property within thirty days from the date of the contract, he might deliver, in lieu thereof, other property of the value of $10,000. On April 7, being five days after the making of the original contract, a supplemental agreement was entered into between the parties, and endorsed thereon, in and by which it was agreed that instead of the Buell & Alden block Gibson should convey and deliver to said Goodrich and Mrs. Stone, and the latter should accept, the property known as the "George Lake farm," situate near Kankakee, Illinois, together

with certain chattels described in a pencil memorandum, said farm to be subject to an incumbrance of about $7000.

On April 14, 1891, a further agreement was entered into by the parties, and endorsed upon the original contract, the same being as follows:

"The within contract as to the block, Cleveland and Lincoln avenues, this day closed, deeds delivered and money paid. As to the forty-eight lots and the farm within mentioned, the time within which the within contract shall be closed is hereby extended fifteen days, at the request of the parties of the first part. It being understood that $1000 of the $5000 herein mentioned is going to L. E. Crandall, it is understood that said $1000 is to be retained by said Payne until the matter of said lots and farm is closed, not exceeding fifteen days."

That portion of the contract relating to the "forty-eight lots" and the "farm," quoted above, was never performed.

C. STUART BEATTIE, for appellant:

Was appellant entitled to receive the sum of $1000 from appellee fifteen days after April 14, 1891? If so, the action for money had and received will lie. *Belden* v. *Perkins*, 78 Ill. 449; *Alderson* v. *Ennor*, 45 id. 128; *Taylor* v. *Taylor*, 20 id. 650; *Pells* v. *Snell*, 31 Ill. App. 164.

It was the right and duty of the court, in order to decide upon the meaning, to look not only to the language employed, but to the subject matter and surrounding circumstances. *Railway Co.* v. *Jury*, 111 U. S. 584; *Barreda* v. *Silsbee*, 21 How. 161; *Nash* v. *Towne*, 5 Wall. 689; *Canal Co.* v. *Hill*, 15 id. 94.

DEFREES, BRACE & RITTER, for appellee.

BAKER, J.: Appellant seeks to recover from appellee the $1000 mentioned in the following clause of a contract entered into between others than the parties to this suit: "It being understood that $1000 of the $5000 herein

mentioned is going to L. E. Crandall, it is understood that said $1000 is to be retained by said Payne until the matter of said lots and farm is closed, not exceeding fifteen days." We are of opinion that appellant is not entitled to the money in question, for he was not a party to the contract, nor was the contract for his benefit. If any benefit was to accrue to him, it was merely incidental. The purpose and object of the contract were, not to benefit him, but to benefit the parties thereto.

We have repeatedly held that where a contract is entered into for the benefit of one not a party thereto, such third party may have his action for a breach thereof. (*Eddy* v. *Roberts,* 17 Ill. 505 ; *Brown* v. *Strait,* 19 id. 88 ; *Bristow* v. *Lane,* 21 id. 194.) The case at bar, however, does not come within the reason of those decisions. It would be going too far to hold that a mere stranger to the contract, who was to derive only an incidental benefit therefrom, might recover for a breach of such contract.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*