Forster, Waterbury & Co. v. Gregory.

---

## Forster, Waterbury & Co. v. J. H. Gregory, for use, etc.

1.    CONTRACTS—*Where Parties Make a Contract for the Benefit of a Third Party, the Third Party May Sue on it in His Own Name.*— Where two parties make a contract for the benefit of a third, the third party may, if it elects to adopt the contract, sue on it in its own name.

# 438   APPELLATE COURTS OF ILLINOIS.

2. SAME—*Assignment of Chose in Action.*—Defendant made a contract with plaintiff to indemnify the latter against loss by reason of obligations to a third party. The third party chose to ignore the contract and sued plaintiff, the original debtor. The judgment recovered was satisfied of record in consideration of an assignment by plaintiff to the third party of his alleged claim against defendant. *Held,* that the claim had a value which enabled plaintiff to satisfy therewith the judgment against him.

3. SAME—*Notice to Defend Suit Given to Party Under Contract to Indemnify Defendant.*—Notice given to a party under contract to indemnify another, to appear and defend a suit brought against such indemnified person, imposes upon the party notified the duty of defending and renders him liable for the result of the suit.

**Appeal** from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed April 14, 1903.

This case was originally brought before a justice of the peace, from whom it was appealed to the Circuit Court.

Appellant had contracts with appellee wherein the latter agreed to construct a building for the former. Subsequently controversies arose, and as a result, an arrangement was made whereby appellee paid appellant a specified sum in consideration of being relieved from further obligations under the contracts, and appellant undertook to pay and save appellee harmless from obligations incurred by appellee for building materials, including a claim of the May, Purington & Bonner Brick Company. Afterward appellant became dissatisfied with this settlement, claiming, it is said, that it had been fraudulently imposed upon. Subsequently, however, it settled with the brick company, paying $675 in full settlement of a claim for $777.50, by way of compromise to avoid litigation.

Thereafter the brick company sued appellee to recover the difference between its original claim as above and the amount paid thereon by appellant. Appellee notified appellant to defend the suit. Appellant failed to do so, and judgment was rendered against appellee. This judgment was satisfied of record, in consideration of an assignment by appellee to the brick company of his alleged claim against appellant. This suit was then brought for the use

of the brick company in the name of appellee, Gregory, against appellant, and judgment was recovered, from which comes this appeal.

DEFREES, BRACE & RITTER, attorneys for appellant.

ELMER H. ADAMS, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant concedes the law to be settled in this state, that where two parties, in this case appellant and appellee, make a contract for the benefit of a third, in the present case the brick company, the latter may, if it elects to adopt the contract, sue on it in its own name.    Eddy v. Roberts, 17 Ill. 505; Dean v. Walker, 107 Ill. 540; Crandall v. Payne, 154 Ill. 627.

In the case before us, however, the brick company elected, as it might do, to ignore the contract made for its benefit between appellant and appellee, and to hold appellee as its original debtor.    It obtained judgment against appellee accordingly.    If forced to pay that judgment it is conceded that appellee would have had his action against appellant for indemnity under the latter's contract to pay and to hold appellee harmless from the brick company's claim.    It is contended, however, that appellee can not have his action for indemnity unless he has been injured; and it is urged that appellee was not injured by the judgment against him in favor of the brick company, because it is said he has not had to pay it, but instead of paying the judgment, he has merely assigned to the brick company the claim he would have had against appellant if he had paid.    Hence, it is argued, this suit can not be maintained, having been brought in appellee's name for use of the brick company.    We do not concur in this contention. Appellee's claim against appellant was deemed by the brick company sufficient consideration for the satisfaction of its judgment.    The argument seems to be, however, that appellee had no claim against appellant, because, it is said, the judgment against him was satisfied by the voluntary act of

the brick company, without any payment or loss on his part. It appears, however, that appellant had agreed to pay the claim as well as to hold appellee "free and harmless" from the debt. The language of the agreement is that appellant "agrees and promises to pay the claim of May, Purington & Company," and to hold appellee "free and harmless from and on account of all the above debts." As is said in Gage v. Lewis, 68 Ill. 604–617, "The reasonable construction of this language is, that the debts should be paid when they become due, and as to those that were then overdue, the law required payment to be made immediately. Churchill v. Hunt, 3 Denio, 321. It was not necessary that plaintiff should have been compelled to pay these debts by a course of legal proceedings." And it is further said that an action lies for the breach of a covenant to pay certain debts, and the obligee is entitled to recover the sums agreed to be paid, although it is not shown that he has been damnified.

Appellant was notified by appellee of the suit brought by the brick company against him, and was invited to defend: This it failed to do. The general doctrine is, that "notice in such cases to the party responsible over, imposes upon him the duty of defending and renders him liable for the result of the suit." Drennan v. Bunn, 124 Ill. 175–189. We are of opinion, however, that appellee did suffer a loss when he assigned over to the brick company and parted with his claim against appellant in order to procure satisfaction of the judgment against him. He had what appears to have been and the trial court has found to be a valid claim against appellant for breach of contract. That claim had a value which enabled appellee to satisfy therewith the judgment against him.

Finding no material error in the record the judgment is affirmed.