## EVANS v. SPERRY.

(District Court, E. D. Illinois. April 19, 1926.)

No. 73–D.

1. **Mortgages ⬉280(4), 282(1)—Grantee assuming mortgage debt becomes personally liable therefor; liability of grantee assuming mortgage is enforceable by mortgagee.**

A purchaser of real estate which is incumbered by mortgage, who in the deed assumes and agrees to pay the mortgage debt, becomes personally liable therefor, and the liability may be enforced by the mortgagee.

2. **Mortgages ⬉283(1)—Grantee, who assumes mortgage debt, becomes principal debtor and mortgagor a surety.**

In such case, the grantee becomes the principal debtor and the mortgagor a surety, and the surety has the right to pay the debt, and may maintain an action against the principal therefor.

3. **Mortgages ⬉280(5)—Acceptance of deed containing agreement to assume· mortgage raises presumption of grantee's assent.**

Acceptance of a deed containing such stipulation and agreement raises a presumption that the grantee assented thereto, but such presumption is not conclusive and may be overcome by proof to the contrary.

4. **Contracts ⬉187(1)—Third person may enforce contract only when made primarily for his benefit.**

To entitle a third person to recover upon a contract made by others, there must not only be an intent to secure some benefit to such third person, but the contract must have been made and entered into directly and primarily for his benefit.

5. **Evidence ⬉450(5)—Parol evidence held admissible to show actual intent of ambiguous contract to convey land in exchange for other real estate.**

Where the contract, pursuant to which land was conveyed to defendant in exchange for other real estate, is ambiguous as to whether defendant agreed to assume and pay mortgages on the land conveyed to him, or was only to take subject to such mortgages, parol evidence is admissible to show the actual intent.

At Law. Action by S. F. Evans against Eldridge H. Sperry. On demurrer to special plea. Overruled.

Craig & Craig, of Mattoon, Ill. (Craig Van Meter, of Mattoon, Ill., of counsel), for plaintiff.

Gunn, Penwell & Lindley, of Danville, Ill. (Walter T. Gunn, of Danville, Ill., of counsel), for defendant.

LINDLEY, District Judge. Plaintiff, former owner of certain land in Mississippi, and mortgagor thereof in three certain mortgages, sold the land to one G. B. McLemore, who assumed and agreed to pay each of said mortgages. McLemore in turn conveyed the land to the present defendant, and by the terms of the latter deed the defendant assumed and agreed to pay the mortgages. Plaintiff now sues the defendant, alleging the said facts and seeking to recover a sum in excess of $10,000 alleged to have been paid by her upon said mortgage incumbrances upon demand of the mortgagees.

Defendant's special plea alleges that the conveyance from McLemore to him was made in pursuance of a contract for the exchange

of lands under which he did not agree to assume or to pay the mortgage indebtedness as alleged, but by which he agreed to accept the property subject to the incumbrances; that he never knew until after the institution of this suit that the deed conveying said premises was not made in accordance with the said contract; that he accepted said deed, assuming and believing that it carried out the terms of the contract aforesaid; that the assumption clause therein contained was inserted without his knowledge, consent, approval, or ratification; that he disavows the same; that he relied upon the said McLemore to have said deed prepared in accordance with said contract, and believed it had been so prepared until he learned otherwise after the institution of the suit. Incorporated in the plea is a copy of the said contract, one paragraph of which recites that the said land has no other incumbrances other than the three certain mortgages, and that the land conveyed by defendant to McLemore in exchange for the same was subject only to one certain mortgage. The first mentioned recital concludes with this clause: "Said first party (McLemore) agreeing to adjust all incumbrances by paying to the said second party (defendant) in cash all difference, so that the total incumbrances so assumed by said second party shall amount to $49,478.53." One of the paragraphs of the contract reads as follows: "It is mutually agreed by the parties hereto that the party of the first part (McLemore) will convey to the party of the second part (Sperry) subject to the liens heretofore mentioned, the land above mentioned, and that the party of the second part (Sperry) will convey to the party of the first part (McLemore) subject to the existing incumbrance of the above-described property in Champaign, Illinois." The plea avers that Sperry did so convey the land in Champaign.

Plaintiff contends that the meaning of this contract is that defendant assumed and agreed to pay the mortgages on the Mississippi land. Defendant contends that the contract means that in the exchange of properties each party was to accept a deed subject to existing incumbrances, and that neither party was to assume or to agree to pay the respective incumbrances.

[1-3] Under the law of Illinois, and in most jurisdictions where a person becomes the purchaser of real estate which is incumbered by mortgage and in the deed it is stipulated and agreed that the purchaser assumes and agrees to pay the mortgage debt, as a part of the consideration, the contract creates a personal liability on the purchaser, who accepts the deed, which may be enforced in an appropriate action. Thompson v. Dearborn, 107 Ill. 87; Dean v. Walker, 107 Ill. 540, 47 Am. Rep. 467. This holding is based upon the doctrine that, where one person enters into a contract with another, for the express benefit of the third person, such third person may maintain an action for the breach. Such a contract is not within the statute of frauds. The conveyance of the land is the consideration for the promise, and the fact that the consideration moves from the grantor is a matter of no moment. In such case the grantee becomes the principal debtor and the mortgagor a surety. Fish v. Glover, 154 Ill. 86, 39 N. E. 1081; Watts v. Killian, 300 Ill. 242, 133 N. E. 295. In such case the surety has a right to pay the debt and bring a suit at law against the principal for the same. Villars v. Palmer, 67 Ill. 204. However, the mere fact of the execution, acknowledgment, and recording of a deed for land by the grantor, with a clause therein that the grantee shall pay the mortgage indebtedness, is not sufficient to create a personal liability on the part of the grantee to pay such indebtedness. To bind him it must be further alleged and proved that he assented to such clause. The fact that the deed was delivered to and accepted by him will ordinarily raise an inference that he has assented to all it contains. However, this inference is a rebuttable presumption, and may be overcome by proof to the contrary. Thompson v. Dearborn, 107 Ill. 93. It follows that the defendant may properly plead that he never assented to the provision sued upon, even though he received the deed and it was recorded.

[4] The difficulty of the situation, however, lies in the terminology of the contract relied upon by defendant. In discussing the questions arising out of that contract, it is necessary to observe certain other features of the liability of the defendant in a suit by the mortgagor which is based upon the doctrine that a third party may sue upon a contract made for his benefit. In Austin v. Seligman (C. C.) 18 F. 519, at page 522, it is said: "According to good sense and upon principle there is no reason why a person may not maintain an action upon a contract, although not a party to it, *when the parties to the contract intend that he may do so.* The formal or immediate parties to a contract are not always the persons who have the most substantial interest in its performance. Sometimes a third person is exclusively interested in its

fulfillment. If the parties choose to treat him as the primary party in interest, they recognize him as a privy in fact to the consideration and promise. And the result of the better considered decisions is that a third person may enforce a contract made by others for his benefit, *whenever it is manifest from the nature or terms of the agreement that the parties intended to treat him as the person primarily interested.*" (The italics are those of this court.)

The language of Folger, J., in Simson v. Brown, 68 N. Y. 355, may be adopted as a correct and accurate statement of the law, as follows: "It is not every promise made by one to another, from the performance of which a benefit may ensue to a third, which gives a right of action to such third person, he being neither privy to the contract, nor to the consideration. The contract must be made for his benefit *as its object*, and he must be the party intended to be benefited."

"I do not understand," said Rapallo, J., in Garnsey v. Rogers, 47 N. Y. 233, 7 Am. Rep. 440, "that the case of Lawrence v. Fox [20 N. Y. 268] has gone so far as to hold that every promise made by one person to another, from the performance of which a third would derive a benefit, gives a right of action to such third party, he being privy neither to the contract nor the consideration. *To entitle him to an action the contract must have been made for his benefit. He must be the party intended to be benefited.*"

In Sayward v. Dexter et al., 72 F. 758, 19 C. C. A. 182, the Circuit Court of Appeals for the Ninth Circuit said: "It is not every contract for the benefit of a third person that is enforceable by the beneficiary. It must appear that the contract was made and *was intended for his benefit*. The fact that he is incidentally named in the contract, or that the contract, if carried out according to its terms, would inure to his benefit, is not sufficient to entitle him to demand its fulfillment. It must appear to have been the intention of the parties to secure to him *personally the benefit of its provisions*. National Bank v. Grand Lodge, 98 U. S. 123 [25 L. Ed. 75]; Wright v. Terry, 2 So. 6, 23 Fla. 160; Burton v. Larkin, 36 Kan. 246, 13 P. 398 [59 Am. Rep. 541]; Chung Kee v. Davidson, 73 Cal. 522, 15 P. 100; Railroad Co. v. Curtiss, 80 N. Y. 219; Vrooman v. Turner, 69 N. Y. 280 [25 Am. Rep. 195]; Greenwood v. Sheldon, 31 Minn. 254, 17 N. W. 478."

The rule in Illinois is in accord with these announcements. So in Searles v. Flora, 225 Ill. 167 at page 172, 80 N. E. 98, 100, the court said: "The doctrine, however, is not applicable to every contract made by one person with another from the performance of which a third person will derive a benefit, but is limited to contracts which have *for their primary object and purpose the benefit of a third* person and which were made for *his direct benefit*. * * * From these and other authorities which might be cited we take the rule to be that, to entitle a third person to recover upon a contract made by others there must not only be an intent to secure some benefit to such third person, but the *contract must have been made and entered into directly and primarily for his benefit*." Enunciating the same doctrine are Rodhouse v. C. & A. Ry. Co., 219 Ill. 596, 76 N. E. 836, and Crandall v. Payne, 154 Ill. 627, 39 N. E. 601, and in the Circuit Court of Appeals for this Circuit, Central Electric Co. v. Sprague Electric Co., 120 F. 925, 57 C. C. A. 197. It follows from these authorities that, if defendant never assented to the assumption clause in the deed and it was not the intent of the parties to the contract to exchange lands that there should be a provision therein for the benefit of third parties, that is, if it was not the intention of the parties thereby to create a cause of action in the mortgagor, there can be no liability.

[5] It is apparent that the contract of the parties is an ambiguous one. In one paragraph the word "assumed" is used. In another paragraph it is provided that the respective conveyances shall be "subject to" the incumbrances. The court is unable to say from an examination of the document alone just what the intention of the parties was in this respect. It is quite generally the law that, where there is an ambiguity in an instrument, where the meaning thereof is equivocal, where the precise intent of the parties is doubtful, parol evidence may be received by the court to remove the doubt, to clarify the ambiguity and to disclose to the court the intent of the parties free of doubt or ambiguity. Union Bank v. Hyde, 6 Wheat. 572, 5 L. Ed. 333; West v. Smith, 101 U. S. 263, 25 L. Ed. 809; Scholbe v. Schuchardt, 292 Ill. 529 at page 534, 127 N. E. 169, 13 A. L. R. 247.

It follows that, though the plea is perhaps inapt in form, essentially it states a good defense, namely, that the defendant never assented to the assumption clause in the deed, had no knowledge thereof, and disavows the same, that by their contract the parties

never intended to make a contract for the specific or direct benefit of third persons, and that he expects to prove those facts upon the trial.

Accordingly the demurrer is overruled.