# VILTER MFG. CO. v. LORING et al.
## No. 8254.

Circuit Court of Appeals, Seventh Circuit.
June 21, 1943.

David Freedkin, of Chicago, Ill., and Maurice Weinstein, of Milwaukee, Wis., for appellant.

Richard A. Beck, Preston Boyden, and Cassius M. Doty, all of Chicago, Ill. (Taylor, Miller, Busch & Boyden, of Chicago, Ill., of counsel), for appellees Cruttenden and Johnston.

Abe R. Peterson, Owen Rall, and J. Hayden MacDonald, all of Chicago, Ill. (Eckert & Peterson, of Chicago, Ill., of counsel), for appellees Loring and Gilbert.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

This action involves the construction of a written contract between the Molly-O Bottling Company, an Illinois corporation, and six individuals, including the four appellees. The action was brought by appellant against all the parties to the contract. The Bottling Company and one individual defendant were defaulted; another defendant was not served and did not appear.

Appellant did not sign the contract and was not specifically named therein, but sued as a third party beneficiary thereunder, as a creditor of the Bottling Company. Appellees filed motions to dismiss the complaint for the reason that the appellant was neither a party to the contract nor a third party beneficiary thereunder. The court sustained the motions and dismissed the complaint, and from these rulings this appeal is prosecuted.

The contract is an exhibit to the complaint and substantially is as follows:

In consideration of 5,000 shares of the capital stock of the Bottling Company, the receipt of which is acknowledged, the six individual parties to the contract, called the guarantors, unconditionally guaranteed to the Company, its successors and assigns as follows:

1. That they will lend to the Company, or cause to be lent to it upon their personal endorsements or personal guarantees, the sum of $35,000 when the same shall be needed by the Company for use in paying for any and all needed manufacturing equipment, such loan or loans to be made on reasonable and customary terms and to be repaid in monthly payments extending over a period of two years.

2. That, at any time after the making of such loan, or any part of it, when payment by the Company or any due portion of such loan or any payment of any kind due to anybody on equipment, which shall have been purchased, contracted for or obligated for within one year from date hereof, would cause the Company's balance of cash on hand in the bank to fall below $5,000 after payment of any and all past due obligations, then the guarantors guarantee to immedi-

ately make such payment or payments in the debtor's stead on behalf of the Company and to accept an equal amount of the Company's authorized and unissued capital stock at par in exchange for any and all such monies so disbursed by them.

3. The guaranty was made by the guarantors severally and not jointly and was limited to the respective percentages of the whole as indicated by the percentage figures set opposite their respective names. (Then follow the names and percentages of liability.)

4. It is further agreed that this agreement of guaranty may be used by the Company as a means of insuring the Company's financial stability in connection with that Company's relations with Molly-O Corporation and Grindrod Process Corporation. (The latter two corporations are distinct entities from the Bottling Company.)

5. The guarantors expressly waive notice of the acceptance of this guaranty, presentment for payment, notice of presentment and of nonpayment, protest and notice of protest, and consent that the time or times for the payment of any and all of the obligations of the Company covered by this guaranty may be determined between the Company and its creditors without notice to or further consent from the guarantors.

6. It is further agreed that applications for insurance policies on the lives of the guarantors shall be made covering the term of this guaranty, naming the Company as beneficiary in each case in the respective amounts as follows: (The names of the individuals are set forth and the respective amounts of insurance for which applications shall be made) and that the cost of such insurance shall be borne by the Company. In the event of death of any guarantor or guarantors during the term of this guaranty, receipt of the death benefit or benefits from such insurance shall relieve the estate of such guarantor or guarantors of further liability hereunder. Signed by the guarantors on March 25, 1941.

■ The question presented for decision is whether the complaint alleges a cause of action against appellees. Its theory is that the instrument was signed by them to insure the extension of credit generally to the Bottling Company; that the instrument was submitted to appellant for that purpose, and in reliance thereon appellant sold machinery on credit to the Bottling Company for which it was never paid. It is elemental that all well-pleaded facts are admitted, but alleged facts which are inconsistent with the basic contract are not well pleaded and of course are not admitted. Cohen v. United States, 8 Cir., 129 F.2d 733.

■ One entering into a contract of guaranty may select his own conditions on which he will become liable, and before there can be a liability upon such contract there must be a violation by the guarantor of some one or more of those conditions. LeRoy State Bank v. J. Keenan's Bank, 337 Ill. 173, 169 N.E. 1. The liability of a guarantor must be strictly construed in his favor, Phœnix Mfg. Co. v. Bogardus, 231 Ill. 528, 83 N.E. 284, and he must be given the benefit of all reasonable doubts with respect thereto. Bruner v. Wolford's Estate, 356 Ill. 514, 191 N.E. 70.

■ One may be a direct beneficiary under a contract of guaranty, or he may be a mere incidental beneficiary. If he belongs to the former class he may recover, but if to the latter he may not. A contract made by one person to another, from the performance of which a third party would derive a benefit, does not always give the third party a right of action upon it if under such conditions he is not a privy either to the contract or the consideration. To entitle him to an action thereon, the contract must have been made primarily for his benefit. Evans v. Sperry, D.C., 12 F.2d 438. The guarantor's liability must affirmatively appear from the language of the instrument when properly interpreted and construed. It cannot be extended or enlarged on the ground, alone, that the situation and circumstances of the parties justify or demand further or other liability. Hageman v. Holmes, 179 Ill. 275, 53 N.E. 739; Carson Pirie Scott & Co. v. Parrett, 346 Ill. 252, 178 N.E. 498, 81 A.L.R. 1262. From these decisions we think it is clear that one claiming as a beneficiary may not recover under such a contract unless it may be concluded from the instrument that the parties thereto regarded him as a person primarily interested and that they desired and intended to secure to him personally the benefits of its provisions.

It is clear that the contract, generally speaking, undertook to provide the Bottling Company with additional capital to insure its minimum cash reserve, thus preserving its value as a going concern. This they sought to do by a direct promise to the Bottling Company to make or procure cer-

tain loans for it under certain conditions, when the money was needed by that Company, to pay for any and all needed manufacturing equipment. As a consideration therefor, they were to receive 5,000 shares of the Company's capital stock. The first paragraph of the contract discloses that they received this stock on or before the day the contract was issued.

For so doing the first paragraph of the guaranty discloses that they promised to loan or cause to be lent to the Company, upon their personal endorsements or personal guaranties, the sum of $35,000, when the Company should need it for use in paying for all needed manufacturing equipment, and the loan was to be repaid. Thus far the language is clear and discloses no third party beneficiary liability. The promise runs to the Company, its successors and assigns, and it makes no reference to any creditors' benefit, and places no obligation upon the guarantors to apply the funds to that end.

It is contended by appellant that such liability to it from the appellees is contained in paragraph two of the guaranty. That paragraph recited that after the loan, or any part thereof was made, and when the payment by the Company of any portion of such loan, or any payment of any kind due to anybody on equipment would cause the Company's balance of cash on hand to fall below $5,000, the guarantors promised to make such payment or payments in the Company's stead, or on behalf of the Company. It is to be noted that for doing this they were to accept an equal amount of the Company's authorized and unissued capital stock at par in exchange for any and all such monies so disbursed by them. In construing this paragraph with the previous ones, it is not clear as to how much capital stock was issued and agreed to be issued to appellees. It is certain that 5,000 shares were issued and delivered to the guarantors on the date the contract was signed by them, for the first paragraph of the instrument acknowledges its receipt. The second clause of the guaranty seems to contemplate that authorized and unissued capital stock should be issued to the appellees as a consideration for their obligations under paragraph 2 of the guaranty. This being true, appellees would not be liable under the provisions of that paragraph until the company had issued and delivered, or at least was ready and willing to issue and deliver the authorized stock therein referred to. The complaint contains no averments as to the Company's compliance with or its ability to comply with that consideration.

Furthermore, it is to be noted that the promises in paragraph 2 were not to be performed by the guarantors until after the loan was made or until such time when the accounts due from the Company, if paid, would reduce its cash on hand below $5,000. The complaint does not allege that the loan was ever made. It seems to us that the language indicates no intention of primarily benefiting the plaintiff or other creditors, except perhaps those referred to in paragraph 4, but rather to protect the Company's cash position. It seems to us that the guarantee, under such conditions, to make such payment immediately, in the Company's stead, of the amounts due on such loan or upon any past due account for equipment, does not make the supplier of such equipment a third party beneficiary. See Fodge v. Board of Education, 309 Ill. App. 109, 32 N.E.2d 659.

In paragraph 4 it is stated that the agreement of guaranty may be used by the Company as a means of insuring the Company's financial stability in connection with the Company's relations with Molly-O Corporation and Grindrod Process Corporation. It is upon this paragraph that the complaint alleges that the agreement permitted the appellant to use and publish the agreement for the purpose of obtaining credit, and that in pursuance of that permission the president of the Bottling Company submitted the agreement for the inspection of appellant who read it and relied upon it in extending credit to the Bottling Company. The allegations of the complaint in this respect are not borne out by the contract, for the contract gave him no permission to publicize it to anyone except for the purpose of insuring the Company's financial stability in connection with the Company's relations with the two companies therein named. Neither the contract nor the complaint discloses that appellant's debt sued on is connected in any manner with the Bottling Company's financial stability with respect to the companies therein named.

Paragraph 5 relates to waiver of notices and consents that the time or times for payment of any and all of the obligations of the Company covered by this guaranty may be determined between the Company and its creditors without notice to or further consent of the guarantors. This

language in no way enlarges the scope of the guaranty, nor does it indicate that the guaranty was made for the direct benefit of any one but the Company. It does indicate quite clearly, however, that the instrument was not intended to apply to all obligations of the Company, but only to those covered by the guaranty.

We think the well-pleaded allegations of the complaint are not sufficient to authorize appellant to sue as a third party beneficiary, under the Illinois decisions. We are convinced that the intention of the parties was otherwise, and that conviction is fortified by paragraph 6 which provides that the guarantors, at the expense of the Company, shall apply for life insurance payable to the Company.

It is conceivable that a creditor, under the provisions of paragraph 4, might by proper allegations rightly classify himself as a third party beneficiary under the contract, but appellant here presents no such state of facts.

The order dismissing the complaint is affirmed.