---

[Department One.-June 15, 1883.]
F. E. J. CANNEY, Appellant, v. THE SOUTHERN PACIFIC COAST RAILROAD COMPANY. Respondent.

Contract- Action for Services to Third Persons- Novation.-The plaintiff, a physician, was, at the request of persons wounded by a railroad accident, attending them when the president of the railroad company told the wounded persons to employ whatever physician they chose, and that the company would pay the bills. This was not told them in the presence of the plaintiff, but was subsequently communicated to him. The plaintiff testified that he attended the wounded until their recovery in pursuance of the original calling, and admitted that no new promise about the services had been made to him. Held, in an action against the railroad company for the services performed, that no liability attached to it.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

J. A. Barham, for Appellant, Garber, Thornton & Bishop, of counsel, cited King v. Edminson, 88 Ill. 257; Civil Code, §3794; Luce v. Zeile, 53 Cal. 54; Chase v. Day, 17 Johns. 113; Trenor v. C. P. R. R. Co. 50 Cal. 222.

<u>McClure & Dwinelle</u>, for Respondent

McKEE, J.- The action in this case was brought to recover the balance of an alleged indebtedness for services rendered by the plaintiff as a physician and surgeon, at the alleged special instance and request of the defendant. Part of the services, included in the statement of the cause of action, were rendered at the instance and request of the defendant and were paid. The contention is as to the services which were rendered to a number of persons who had been injured, on the 23d of May, 1880, by a railroad accident on the line of the defendant's road [p.502 begins here] in the county of Santa Cruz. It is for these that the plaintiff seeks to make the defendant liable.

But at the trial, the plaintiff was sworn as a witness in his own behalf, and he testified as follows: "On the morning of the 24th of May, 1880, I was called by the wife of one of the persons injured to treat her husband, and on that day I was called by eleven of said injured parties to treat them. I attended upon them, in pursuance of my original calling, from that time until they were all recovered. My services were reasonably worth eleven thousand dollars." According to that testimony the services were rendered by the plaintiff upon an employment between him and the persons injured. That contract fixed the rights and liabilities of the parties to it. The persons, for whose benefit and at whose instance and request the services were rendered, were bound to pay for them. No other or different contract could be implied. Of course, the parties to the contract might have wholly freed themselves from their rights and liabilities under it by a discharge of the contract. A contract may be discharged or put an end to at any time, by mutual consent, or by an alteration in its terms which, in effect, substitutes for it a new arrangement between one of them and a third party. (§ 1531, Civ. Code.) And it is claimed that, while the

plaintiff was engaged in performing the services under his original employment, the defendant informed the plaintiff that the injured were allowed to select any physician they saw proper, and defendant would be responsible for the indebtedness.

Yet, as a witness, the plaintiff admitted that no new promise about the services had been made to him. The only thing upon which he relies is, that the president of the railroad company "said to the injured parties," after they had employed the plaintiff, "that they should employ whatever physician they saw proper and the defendant would pay the bills." But that was not said to the plaintiff, nor was he present when it was said. It appears that the parties to whom it was said communicated it to the plaintiff; but neither the promise to them, nor the communication of that promise to the plaintiff constituted a contract between the defendant and the plaintiff either as accessory, or by way of novation, to his original em-

ployment which he was engaged in performing. The plaintiff had no communication from or with the defendant upon the subject; there was therefore no mutuality or consent between them, and in law, however it might be in morals, no liability attached to the defendant for the services of the plaintiff to the persons who employed him.

It is not necessary to decide whether the promise made by the president of the company to the wounded constituted a contract between them, collectively or individually, and the company, which might be enforced for the benefit of the plaintiff. No such claim seems to have been made or transferred by any of them to the plaintiff, nor is the plaintiff's cause of action founded upon such a claim. *Trenor* v. *C. P. R. R. Company*, 50 Cal. 222, is not applicable to the case in hand. That, it is true, was also a case for the services of a physician and surgeon rendered to persons wounded by a railroad accident; but there was, in the case, some evidence tending to show that the services were rendered at the instance and request of the defendant, and the case was decided upon a conflict of evidence. But in the case in hand there was no conflict of evidence. The plaintiff in his testimony and on the trial, admitted, and his witnesses proved, that the services were rendered in pursuance of his original employment by those who were wounded and not otherwise. There was, therefore, no contract, express or implied, between the plaintiff and the defendant in relation to the services which are the subject of the suit, and as there is no prejudical error in the record, the judgment and order are affirmed.

McKINSTRY, J., and ROSS, J., concurred.