SAMUEL GREENWOOD *vs.* THEODORE SHELDON and others.

November 28, 1883.

**Partnership—Stipulation in Articles for Payment of Money to a Stranger.**—Articles of copartnership contained a stipulation that when the business should reach a certain degree of profitableness, and the firm have acquired a certain amount of property, one of the partners should receive from the firm a specified amount of money, of which a specified sum was to be paid to the plaintiff. *Held,* that plaintiff, a stranger to the articles, cannot maintain an action to enforce any of the other stipulations between the partners in the articles.

Appeal by plaintiff from an order of the district court for Goodhue county, *McCluer,* J., presiding, sustaining a demurrer to the complaint.

*Chas. N. Bell,* for appellant.

*W. C. Williston,* for respondents.

GILFILLAN, C. J. The defendants and one Hoard entered into articles of copartnership to prosecute a designated business for the term of 30 years. The articles contain a great many covenants on the part of the other partners to and in favor of Clum, and among them a covenant that when the business of the copartnership should reach a specified degree of profitableness, and the partnership should have acquired an amount of property sufficient for certain specified purposes, Clum should receive from the partnership the sum of $2,000 per year until the sum of $20,000 should be reached, of which $1,000 from each instalment should be paid to this plaintiff until he should have received the sum of $5,000. No part of these sums ever became payable by the terms of the contract of partnership; the business never arrived at the specified degree of profitableness, and the specified amount of property was never acquired.

The complaint alleged various defaults and misconduct on the part of the defendants other than Clum, in respect to the covenants in the articles, amounting to this: that they (Hoard having meantime died) utterly refused to go on with the business, claiming that the partnership is dissolved, and denying that plaintiff has any interest in the

matter. It alleges that by reason of the premises plaintiff has been damaged in the sum of $5,000. The action cannot be maintained,— not upon the promise to pay plaintiff the $5,000, for the reason that it never became payable by the terms of the promise; nor upon the other covenants in the articles, because plaintiff was not a party to them; and they were not made directly for his benefit. Allowing a stranger to a contract to maintain an action to enforce its stipulations is inconsistent with the general rule that, to sustain such an action, there must be privity of contract between the parties; and we have found no case that goes further than to hold that a stranger may maintain an action to enforce a promise, in a contract between others, made directly and primarily for his benefit, as to pay money or deliver property to him, or to do some act for him. In this state the courts have not sustained such an action, except where the contract created a duty or relation in the nature of a trust.

In the articles the only promise directly and expressly for the benefit of plaintiff was that to pay him, upon the contingency expressed, the $5,000. The other stipulations, though the performance of them might result in bringing about the condition of things in which the money was to be paid to him, were made primarily in the interest and for the benefit of the parties to them. Others might be incidentally benefited by the performance of them, and the successful prosecution of the business; for instance, a creditor of the firm or one of the partners might by reason thereof be in better position to collect his debt. But the possibility of such incidental benefit would not sustain an action to enforce those covenants, for the reason that they were not entered into for such persons.

Order affirmed.