AMERICAN EXCH. NAT. BANK v. NORTHERN PAC. R. CO.

(Circuit Court, D. Washington, N. D. June 5, 1896.)

CONTRACT—SUIT BY THIRD PERSON.

An agreement made by one person with another to pay a debt due by the latter to a third person is not the subject of suit by such third person, when there was no intention to benefit him, and nothing of value came under the contract within the control of the promisor which, in equity, belonged to such third person, or is subject to a lien in his favor.

James Hamilton Lewis, for plaintiff.
Harold Preston, for defendant.

HANFORD, District Judge. This is an action by the American Exchange National Bank of New York to recover a balance due to the plaintiff from the Chicago & Northern Pacific Railroad Company. The complaint alleges that, after the debt had been contracted, the defendant, the Northern Pacific Railroad Company, entered into and made an agreement with the said Chicago & Northern Pacific Railroad Company whereby, for a valuable consideration moving from the Chicago & Northern Pacific Railroad Company to the defendant, said defendant assumed, covenanted, and agreed to pay the amount of the indebtedness of said Chicago & Northern Pacific Railroad Company to the plaintiff. The defendant has demurred to the complaint, and upon the argument its counsel relies upon the point that the plaintiff, being a stranger to the contract, cannot sue the defendant. The explicit language of the complaint makes it clear that the promise of the defendant was to pay an existing debt, and it was made for the benefit of the Chicago & Northern Pacific Railroad Company; and no facts are alleged from which an inference may be drawn that the parties to the contract were actuated by a desire to benefit the plaintiff, nor that the scope of their intentions included any provision for rights or interests other than their own; and there is no pretense that under the contract anything of value or assets have come to the promisor's hands, or under its control, which, in equity, belongs to the plaintiff, or is subject to any lien existing in favor of the plaintiff. The case, therefore, comes fully and fairly within the rule of the decision of the supreme court in the case of National Bank v. Grand Lodge, 98 U. S. 123–125. The rule and the authority of the case cited have received express recognition in the circuit court of appeals for the Ninth circuit, in the case of Sayward v. Dexter, Horton & Co., 19 C. C. A. 176, 72 Fed. 765. The decisions of the supreme court in the cases of Hendrick v. Lindsay, 93 U. S. 143–150, and Albany & Rensselaer Co. v. Lundberg, 121 U. S. 451–457, 7 Sup. Ct. 958, cited by the attorney for the plaintiff, are not in conflict. In the former case the supreme court construed the promise given to one person, upon the faith of which the promisee and another became sureties upon a supersedeas bond, as being in effect a promise to both, and held that, as both sureties relied upon an understanding that the promised indemnity should be for their joint protection, they were entitled to

maintain a joint action. The distinguishing feature of that case is to be found in the fact that the evidence proved that the sureties construed the promise as if it were made for the benefit of both, and, with that understanding, assumed a liability. In the second case, the party who contracted in his own name as a principal, and not as agent for another, was held to be entitled to maintain an action upon the contract. Other cases cited by counsel for the plaintiff, although well considered and worthy of respect, in so far as they differ from National Bank v. Grand Lodge and Sayward v. Dexter, Horton & Co., must be passed without other comment than this: that they do not afford a pretext for ruling contrary to the decisions of the supreme court of the United States, and of the United States circuit court of appeals for this circuit. The demurrer is sustained.