THOMAS MANUFACTURING COMPANY *v.* PRATHER.

Opinion delivered January 29, 1898.

1.  CONTRACT—RIGHT OF THIRD PARTY TO SUE.—An agreement by an employer to furnish medical attendance to his employee in case of accident was not a contract made for the benefit of the physician who, at the employee's instance, subsequently rendered professional services to him when injured, nor can such physician sue thereon. (Page 29.)

2.  SAME—WHEN NOT IMPLIED.—The fact that an employer had agreed to furnish medical attendance to an employee in case of accident, and that the employer knew and approved of the calling in of a physician by the employee when injured, is not sufficient to establish an implied contract on the part of the employer to pay for such physician's services, where the physician, at the time he was called in, looked to the employee, and not to the employer, for remuneration. (Page 31.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

*Cockrill & Cockrill*, for appellant.

There is no evidence that appellant made or ratified the contract sued on. Appellee can not maintain an action upon the contract sued on. To enable one not a party to a contract to sue thereon, the contract must be made for his benefit, as its object, and he must be the party intended to be benefited. 68 N. Y. 355; 72 Fed. 758, 764; 93 U. S. 149; 98 U. S. 123; 23 Fla. 160; 36 Kas. 246; 73 Cal. 522; 80 N. Y. 219; 69 N. Y. 280; 31 Minn. 254; 18 Fed. 520; 76 Fed. 130; 39 N. E. 601; 38 Pac. 620. The contract sued on was of no binding force at the time of the injury to the employee. The employee (Brown) executed a release from all liability to the appellee. That bars this action. A release or rescission by the original parties to a contract for the benefit of a third party destroys such beneficiary's right of action. Beach, Contracts, § 201; Lawson, Contracts, § 113 d; 25 O. St. 378; 47 Ind. 211; 30 Ind. 112; 80 Ind. 434; 30 N. Y. 432; 114 N. Y. 167; 56 Iowa, 349, 353; 80 Ky. 409, 417; 38 O. St. 543, 554; Wharton, Cont. § 821, and cases cited; Beach, Cont. § 493. There was

no consideration for the contract sued on. The payment of the weekly assessment was, in reality, his share of the premium on the accident policy. The items in appellant's statement made a sum total of $271, and the verdict for $300 was unsupported by evidence.

*W. S. & Farrar L. McCain*, for appellee.

Appellants made the contract sued on through an authorized agent; and the subsequent conduct of the officers of appellant company is such as to amount to a ratification, if the contract was unauthorized. Appellee is entitled to an action against appellant under the contract made for his benefit. 31 Ark. 411; Brandt, Suretyship, § 24; 48 Ark. 355; 36 Ark. 561; 39 Ark. 173; 48 Ark. 261; Jones, Mortg. § 748–9; 43 N. Y. 399; 64 N. Y. 117; 127 N. Y. 639; 93 U. S. 149; 20 Neb. 223; 24 Cent. L. J. 110; 36 N. J. Law, 143; 35 Wis. 171; 51 Ark. 210; 4 Wend. 419; 85 N. Y. 258; 46 Ark. 132. If one primarily bound engages, on a collateral consideration, with another that such other person shall assume his duties toward the one to whom he owes them, such collateral consideration cannot be withdrawn without the consent of the beneficiary of the contract. Brandt, Suretyship, §§ 282–5; 72 N. Y. 385; 112 Ill. 91; 43 Wis. 319; 15 Am. & Eng. Enc. Law, 841; 1 Jones, Mortg. § 764; Thomas, Mortg. § 602; Wiltsie, Mortg. Foreclosures, § 282; Kerr's Supp. to Wiltsie, § 230. Acceptance of a contract for one's benefit is presumed, where no burdens are imposed. 32 Ark. 399; 60 Ark. 26; *ib.* 503.

WOOD, J. Appellee, who was a physician and surgeon, sued appellant for $300, the alleged value of professional services rendered by him to one Brown, an employee of appellant. Appellee alleges that appellant, for a valuable consideration, entered into a contract with Brown, whereby it was to furnish him medical attendance in case of an accidental injury while engaged in appellant's business. That part of the contract which appellee claims was for his benefit, and upon which he bases his right to recover, is as follows: "This is to certify that we are insured in a large and reliable insurance company against accidents resulting in bodily injury or death to J. R.

Brown and other employees, so that we can agree that the above-named employee shall receive from us, in case of an accident received by him when actively engaged in our business, the following: (1) In case of an accidental injury a sum not exceeding," etc., * * * "*and furnish medical attendance.*" The answer denied liability.

The court found the following facts, so far as may be necessary to set them out, to-wit: "That the defendant company entered into a contract by which it, in case of accident, while in its employment, to one Brown, its employee, would, among other things, furnish him a physician; that on the 14th day of September, 1892, and while said contract was in force, said Brown was injured while in defendant's employment; that the plaintiff, a physician, was as such called in by Brown, and waited on him, and rendered him the service sued for, extending from September 16, 1892, to April 1, 1893, to the value of $300; that this employment of plaintiff as physician was known to defendant company, and by it through its officers fully approved." Appellant asked the court to find as a fact that "there was no agreement made by the Thomas Manufacturing Company with Brown to pay Dr. Prather, or any other physician, for medical attendance upon said Brown," which the court refused. And appellant asked the court to declare the following as the law: "A contract entered into upon the terms proposed in the card aforesaid would not inure to the benefit of the plaintiff, and if the court finds that the defendant made, and Brown accepted, the contract there proposed, the plaintiff cannot recover;" which the court refused, holding that "the contract entered into by defendant company with Brown, and services rendered by plaintiff, with the assent and approval of defendant company, created a liability to plaintiff." Exceptions to the ruling of the court upon these points present the only question we need consider, to-wit: *Was the contract for appellee's benefit?*

This court long ago ruled, in line with the doctrine which generally obtains in this country, that where a promise is made to one upon a sufficient consideration, for the benefit of another, the beneficiary may sue the promisor for a breach of his promise. *Chamblee* v. *McKenzie*, 31 Ark. 155; *Talbot* v.

*Wilkins, ib.* 411; *Hecht* v. *Caughron*, 46 *ib.* 132. This doctrine operates as an exception to the elementary rule of law that a stranger to a simple contract, from whom no consideration moves, can not sue upon it. *National Bank* v. *Grand Lodge*, 98 U. S. 123; *Mellen* v. *Whipple*, 1 Gray (Mass.), 317; *Greenwood* v. *Sheldon*, 31 Minn. 254. Therefore it should be applied cautiously, and restricted to cases coming clearly within its compass. The following prerequisites for the application of the doctrine were announced by the court of appeals of New York in *Vrooman* v. *Turner*, 69 N. Y. 280, viz.: "There must be—First, an intent by the promisee to secure some benefit to the third party; and, second, some privity between the two,—the promisee and the party to be benefited,—and some obligation or duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise, or an equivalent from him personally."

In *Durnherr* v. *Rau*, 135 N. Y. 222, the court say: "It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance, and so within the contemplation of the parties." See, also, *American Exch. Bank* v. *Northern Pac. R. Co.*, 76 Fed. 130.

"Of course the name of the person to be benefited by the contract need not be given, if he is otherwise sufficiently described or designated. Indeed, he may be one of a class of persons, if the class is sufficiently described or designated." *Burton* v. *Larkin*, 36 Kas. 250.

Applying the foregoing principles to the contract under consideration, it is manifest, from the nature and terms of the contract, that neither the appellee individually, nor any of a class to which he belonged, was intended to be considered as primarily the party in interest. *Austin* v. *Seligman*, 18 Fed. 523; *Simson* v. *Brown*, 68 N. Y. 355, 361, 362; *Wright* v. *Terry*, 23 Fla. 160; *Greenwood* v. *Sheldon*, 31 Minn. 254; *Washburn* v. *Investment Co.*, 38 Pac. 620.

The clause, "we can furnish medical attendance," was solely for the benefit of Brown, and the purpose of making it upon the part of appellant was doubtless to induce him to

enter its service upon terms that would, to it, be advantageous. The most that can be said about it, so far as any physician was concerned, is that, upon the happening of the contingency which it contemplated,—the accidental injury,—the performance of the contract would result incidentally to his benefit. This would not entitle him to sue the company. *Chung Kee* v. *Davidson*, 73 Cal. 522.

Moreover, the contract here was "to furnish medical attendance," not to pay the wages or for the services of a physician whom Brown might employ. According to the express terms of the contract, the company did not surrender to Brown the right to bind it by a contract he might make with a physician, or constitute him its agent to employ a physician, and hence the company is not bound, according to the written contract, for the services of a physician whom Brown employed. But the court found "that this employment of plaintiff as physician was known to defendant company, and by it through its officers fully approved." This might be sufficient, in a suit brought by Brown against the company to recover of it the sum which he had paid his physician, to estop the company from denying that it had waived its right to furnish its own physician, provided the company knew that the physician was called by Brown in reliance upon his contract for it "to furnish him medical attendance." But this finding cannot avail appellee, for he is suing upon an express written contract, which, as we have seen, was not for his benefit.

It could not avail him upon any implied contract of the company to pay him for his services to Brown, for other facts show that there was no such contract. Appellee was employed by Brown, and in his testimony he says: "As to looking to any one for payment, of that I cannot say that I looked to any one but Brown. I did not look to the Thomas Manufacturing Company when I first went. I looked to the Thomas Manufacturing Company in general connection with the other company. When the people of the Thomas Manufacturing Company intimated to me that the company would pay, I did not feel that I would look to them especially. * * * I would have rendered the services to Brown that I did render regard-

less of whether the Thomas Manufacturing Company or Brown would have been responsible."

In *Cunney* v. *Railroad Co.*, 63 Cal. 501, the plaintiff, a physician, was, at the instance and request of certain parties wounded by a railroad accident, attending them, when the president of the railroad company, in the absence of the physician, told the wounded persons to employ whatever physician they chose, and the company would pay the bills. The physician was advised of this, but he testified that he attended the wounded until their recovery in pursuance of the original calling. It was held, in an action against the company upon contract for services performed, that there was no mutuality by contract between them, and no liability attached to the railroad company for the services performed by the plaintiff to the persons who employed them. Note to *Austin* v. *Seligman*, 18 Fed. 525.

As there could be no recovery by appellee upon the contract sued on, the other questions pass out.

Reversed and dismissed.

BUNN, C. J., (dissenting.) This is not a case in which Prather is suing the Thomas Manufacturing Company on a mere verbal or constructive obligation to pay him what Brown, a third party, one of the company's employees, owed him, for, if that were the case, and that merely, there would be no case in court, as it would come under the statute of frauds, which provides that, for one to be held for the debt of another, he must be held on some writing to that effect signed by himself or authorized by him to be signed for him.

This is a case under the equity doctrine that where two or more persons arrange and contract to create a fund for the benefit of a third person, in consideration of services to be performed by him in the future, or for the payment of a debt owing or to be owing to him, this third person may sue the person legally bound as the custodian of the fund, or who is responsible for the same, to recover so much thereof as will pay for his service or satisfy his debt. This person need not be named in the contract under which the fund is created, but it is sufficient if he is a member of a class of persons referred to in the contract.

I cannot concur in the opinion of the court that Brown is the beneficiary contemplated under the equity rule, for Brown is one of the original parties who have engaged to raise the fund, and in fact is the only contributor to that fund. He is therefore not a third party at all, but Prather, in my view of the case, is the beneficiary under the equity rule. In one sense, such a contract or arrangement is made for the benefit of all the parties interested, but, in the sense of the equity doctrine, the beneficiary cannot be a party to the contract; for, in that case, he need not resort to this rule to assert and secure his rights.

But, the court having concluded that Prather is not the beneficiary referred to expressly or by implication, it is needless to discuss his rights under the equity doctrine.

I think the judgment should have been affirmed.