Dickinson *v.* McCoppin.

Opinion delivered December 20, 1915.

1. Contracts for benefit of third party—right of beneficiary to sue.—Where a promise is made to one party, upon a sufficient consideration, for the benefit of another, the beneficiary may sue the promisor for the breach of his promise, provided there wa  in intent to secure some benefit to the third party, and some privity existed between the promisee, and the party to be benefited.

2. Contracts—improvement districts—default by contractor—right of engineers to sue.—The contract between the board of an im-

provement district, and the contractor, provided that in the event of the latter's failure to complete the work within a certain specified time, that certain liquidated damages should be paid by the contractors to the engineers of the district, can not be enforced by the engineers in a suit against the contractor.

3.   CONTRACTS FOR BENEFIT OF THIRD PARTY—OBLIGATION OF PROMISEE TO THIRD PARTY—RIGHT OF THIRD PARTY TO SUE.—Where a contract is made between a promisee and a promisor for the benefit of a third party, in order that the third party may sue the promisor for a breach of the contract, the obligation of the promisor to the third party must be one which existed at the time of the making of the contract, or one which grew out of the contract itself; and where the benefit to the third party accrued subsequently, as a mere incident, he can not recover.

Appeal from Pulaski Circuit Court; Second Division; *Guy Fulk,* Judge; affirmed.

*Sam Frauenthal* and *Coleman & Lewis,* for appellants.

1. In this country, and in this State, it is settled that a third person may bring an action on a promise made to another for his benefit. 1 Parsons on Cont. (4 ed.) 505; 3 Elliott on Cont., § 2111; 31 Ark. 411; 46 *Id.* 132; 49 *Id.* 477; 51 *Id.* 205; 64 *Id.* 627; 91 *Id.* 367; 93 *Id.* 346; 108 *Id.* 442; 85 *Id.* 59: The beneficiary need not sign the contract. 108 Ark. 442.

2. Plaintiffs could sue in their own name. Kirby's Dig., § 5999; 31 Ark. 411.

3. No recovery can be had on the counterclaim. Clark on Arch., Owner and Builder 28; 20 Bradt. 437; 34 N. Y. 370; Cooley on Torts (3 ed.) volume 2, p. 1386.

*J. W. & J. W. House Jr.,* for appellee.

1. Appellants are not entitled to recover. 65 Ark. 27. There was no privity of contract, nor obligation or duty owing to appellants. The contract is contrary to public policy. 117 Am. St. 512; 58 Am. Rep. 369. The delays were caused by inefficiency and ignorance of appellants. 83 N. W. 800; 60 L. R. A. 286; 126 Fed. 559; 107 *Id.* 204; 181 U. S. 453-461; 119 *Id.* 312; 39 So. 389; 79 N. Y. Supp. 251; 28 S. E. 837; 37 S. E. 13; 49 Hun 23; 97 S. W. 188; 54 N. E. 661; 56 Am. St. 406.

2. If the engineers caused the delays, the contractor should be entitled to the penalty and appellee should recover on his counterclaim and cross-appeal. 91 N. E. 804; 102 Mass. 343; 126 Fed. 559.

McCULLOCH, C. J. An improvement district was organized in Conway, Arkansas, for the purpose of constructing a system of waterworks to supply that city with water, and the board of improvement entered into a written contract on May 11, 1910, with appellants, who are engineers engaged in that kind of work, whereby they were employed by said district to form plans and specifications for the construction of the waterworks and to supervise such construction. The clause of the contract which relates to the compensation of said engineers reads as follows: "And in event said system of waterworks shall be installed and completed, the party of the second part will pay to the parties of the first part for all services to be performed by them under this contract and as engineers of said district 5 per cent. of the cost of physical properties that shall be instituted by said district under said plans and specifications and under the personal supervision of the parties of the first part, which said amount shall be in full payment of all work and services of every kind that shall be performed by the parties of the first part for the party of the second part or said district." Pursuant to said contract, appellants prepared plans and specifications, which were adopted and a contract was let with defendant McCoppin for the construction of the work. A written contract was entered into by the board of improvement with McCoppin whereby he undertook to construct the improvement according to said plans and specifications, which were made a part of the contract. The contract provided that the work should be completed by a certain date, which was afterwards extended by agreement to September 1, 1911.

The specifications, which were incorporated into the contract, contained the following clause: "Time. Should the contractor fail to complete the work within the time specified, he shall pay all engineering expenses incurred by the engineer due to said failure to complete work

within the time specified for engineering and inspection, and it is admitted and agreed that such engineering expense, as liquidated damages to the engineer, shall be $10 for each and every day after the date set for completion of the work and this amount shall be deducted from any money due the contractor by the board."

Appellee proceeded with the work under the contract but failed to complete it by the date mentioned. In fact, it was not completed for many months after the extended date specified in the contract. Appellants instituted this action in the circuit court of Pulaski County to recover from appellee an aggregate sum equal to $10 a day for each day of the alleged delay in the completion of the work. It is alleged in the complaint that there was a delay of 618 days, making a total sum of $6,180 due as damages for delay, which sum appellant sought to recover, less the sum of $1,200 which it is alleged had been paid.

The defendant filed a demurrer on the ground that the complaint failed to state facts constituting a cause of action and also filed an answer, in which he denied that there was any contract whereby he was obligated to pay the plaintiffs any sum of money, and also alleged that the delay was caused by negligent mistakes and omissions of the plaintiffs themselves. The defendant also presented a cross-complaint alleging that he had sustained damages in the sum of $18,195.98 on account of the alleged acts of negligence and mistakes of the plaintiffs in supervising the work which caused the delay and caused defendant to spend large sums of money in replacing defective material which had been accepted by the engineers. The case was tried before a jury and there was testimony adduced by the respective parties tending to sustain their contention as to the cause of the long delay in the completion of the work, whether the fault was with the defendant or whether it was caused by mistakes of the plaintiffs themselves while supervising the work of constructing the improvement. At the conclusion of the introduction of testimony, the court gave a peremptory instruction to the jury to return a verdict in favor of the defendant as to the plaintiffs'

claim and against him on his own cross-complaint against the plaintiffs. Both parties excepted to the ruling of the court and properly preserved their exceptions and have appealed to this court.

(1) Plaintiffs base their right to recover upon the familiar rule announced by most of the American courts that where a promise is made to one party, upon a sufficient consideration, for the benefit of another, the beneficiary may sue the promisor for the breach of his promise. A great variety of opinions have been expressed by the courts concerning the precise limitations upon this doctrine, and some of them have refused to recognize it at all. This court, however, is thoroughly committed to the doctrine, but has adopted what we believe to be sound and logical limitations upon it.

In the case of *Thomas Manufacturing Co.* v. *Prather,* 65 Ark. 27, this court quoted with approval the rule announced by the court of appeals of New York in *Vrooman* v. *Turner,* 69 N. Y. 280, as follows: "There must be—First, an intent by the promisee to secure some benefit to the third party; and, second, some privity between the two—the promisee and the party to be benefited—and some obligation or duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise, or an equivalent from him personally."

The court also quoted with approval from a later decision of the New York court (*Durnherr* v. *Rau,* 135 N. Y. 222), as follows: "It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance, and so within the contemplation of the parties."

(2-3) The two exceptions as stated above are so related that they run together and can hardly be distinguished, for there can not be said to be any intent on the part of the promisee to secure a benefit to the third party unless there is some privity in the way of an obligation on the part of the promisee to the other party. However, we are of the opinion that the application of either

of those exceptions excludes the right of the plaintiffs in the case to recover. An examination of the language of the contract with respect to the payment of liquidated damages for delay beyond the date of completion shows that this stipulation was incorporated in the contract by the district for its own benefit and not for the benefit of anyone else. So far as concerns this particular feature of the contract there was no obligation on the part of the district to the plaintiffs. Their only obligation under their contract was to pay the plaintiff a stated percentage upon the total cost of the improvement, and the contract expressly stipulated that that should be "in full payment of all work and services of every kind that shall be performed by the parties of the first part for the party of the second part." We might pursue the inquiry further and construe the contract so as to determine whether or not the plaintiffs were compelled to continue their services during the period of delay without further compensation, or whether their contract was merely to superintend the work during the period stipulated in the contract between the district and the defendant in this case. But that inquiry would serve no useful purpose, for if we were to reach the conclusion that plaintiffs were not bound to continue their services after the period stated, without additional compensation, the fact remains that no obligation existed at **that time on the** part of the district to pay the plaintiffs anything more than the percentage named in the contract, and if plaintiffs were entitled to anything more by way of compensation it must have arisen on the happening of subsequent events. Of course, if they were not bound to continue their services beyond the date of completion without further compensation, and had the right to stop them, their continuance with the acquiescence of the district might have created an implied obligation on the part of the district to pay them for their additional services but that would have constituted an obligation which arose subsequent to the date of the defendant's contract with the district, and therefore could not have been within the contemplation of the parties at the time of making that contract. We

understand the law to be that the obligation of the promisee to the third party must be one which existed at the time of the making of the contract or one which grew out of the contract itself. An obligation which did not exist at the time of the making of the contract, but arose thereafter, must be regarded as a mere incident and not the direct result of the contract itself so as to be deemed to have been within the contemplation of the parties.

That is the clear result of our decision in the case of *Thomas Manufacturing Co.* v. *Prather, supra.* The facts of that case were that the manufacturing company had entered into a contract with its employees whereby it undertook to furnish medical attendance in cases of accidental injury. One of the employees sustained injury and engaged the services of the plaintiff, a practicing physician, who sued the manufacturing company to recover the price of his services. After recognizing the doctrine that a third party who is benefited by a contract may sue, the court held that the facts did not come within the doctrine. The obvious reason was that at the time the contract was entered into there existed no promise or obligation on the part of the employee to the physician who was subsequently called in upon the happening of the accident. The court regarded the subsequent employment of the physician as a mere incident, and held that he could not recover for the reason that there was no privity between him and the promisee at the time of the execution of the contract. All the authorities seem to be agreed that where the benefit to the third parties accrues subsequently, as a mere accident, he can not recover. The doctrine is stated in one of the encyclopedias as follows: "By the weight of authority the action can not be maintained merely because the third person will be incidentally benefited by performance of the contract; but he must be a party to the consideration, or the contract must have been entered into for his benefit, and he must have some legal or equitable interest in its performance." 9 Cyclopedia of Law and Procedure, 380. The doctrine is very fully discussed by Mr. Page in his work on Contracts, volume III, sections 1312, *et seq.*

Elsewhere we find the doctrine stated as follows: "Under the rule that a beneficiary may enforce a contract, the contract must have been intended for the benefit of a third person. It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance and so within the contemplation of the parties. The fact that one not a party or privy to a contract is incidentally benefited under it is no reason for declaring that the contract was made and intended for his benefit." 6 Ruling Case Law, section 274, Contracts.

Our conclusion, therefore, is that the plaintiffs are not entitled to recover on the contract set forth in the complaint. It necessarily follows, for the same reason, that the defendant is not entitled to recover from plaintiffs on his counterclaim. There is no privity in the contract between the plaintiffs and the defendant with respect to the work to be done by defendant under his contract with the district and defendant has no remedy against plaintiffs for alleged negligence in superintending the work. They were both employed as agents of the improvement district, and the remedy of each is against the employer. Of course, if defendant had alleged or attempted to prove that there was wilful misconduct on the part of the plaintiffs which interfered with him in the performance of his contract, a different question might be presented, but there is nothing alleged or attempted to be shown except mere mistakes on the part of the engineers and the defendant is without a remedy against them. If the contract had given the plaintiffs a right of action against the defendant for compensation for services performed during the period of delay, then the defendant would have had the right to show, as a defense to the action that the delay was caused by the conduct of the plaintiffs themselves. But since it is found that the plaintiffs have no right of action, there is nothing to support the claim of the defendant for the recovery of damages for alleged negligence on the part of the plain-

tiffs. The circuit court was correct in taking the case from the jury by a peremptory instruction.

Affirmed.