GEORGIA STATE SAVINGS ASSOCIATION *v.* DEARING.

## Opinion delivered March 12, 1917.

1. DEEDS—GRANT TO A. AND HEIRS OF HER BODY, IN FEE SIMPLE.—A husband deeded property to his wife M., the habendum clause reading, "to the said M. and her heirs by me of her body born, or that may be hereafter to us born, in fee simple forever." *Held,* M. took a life estate.

2. DEEDS—OFFICE OF HABENDUM CLAUSE.—The office of the habendum clause of a deed is to explain or define the extent of the grant, and is rejected only where there is a clear and irreconcilable repugnancy between the granting and habendum clauses in the deed.

3. MORTGAGES—MORTGAGEE OF LIFE ESTATES.—A mortgage executed by the owner of a life estate ceases with the life tenant's death, and the mortgagee has a claim only against the life tenant's estate.

4. ADMINISTRATION—STATUTES OF NONCLAIM.—A claim not probated against an estate within one year after the deceased's death, is barred by the statute of nonclaim.

5. CONTRACTS—RIGHTS OF STRANGER.—A stranger to a contract between others in which one of the parties promises to do something for the benefit of such stranger, there being nothing but the promise (no consideration from the stranger, and no duty or obligation to him on the part of the promisee), cannot recover thereon.

Appeal from Union Chancery Court; *J. M. Barker,* Chancellor; affirmed.

*R. L. Floyd,* for appellant.

1. As the statute of nonclaim had run prior to the accruing of the cause of action under the covenants of warranty, plaintiff had a valid claim against the heirs to the extent of such amounts as they may have received from the estate of their ancestors. 14 Ark. 246; 32 *Id.* 714; 78 *Id.* 531. Each of the heirs received an amount

from the estate in excess of plaintiff's claim. Defendants assumed the debt and a deduction was made from the price or consideration *pro rata,* and all became personally liable. 42 Ark. 197, 301; 47 *Id.* 317; 59 *Id.* 280; *Ib.* 453; 63 *Id.* 268; 99 *Id.* 618; 110 *Id.* 70; 118 *Id.* 192.

2. The deed conveyed a fee simple estate to Minnie I. Dearing. Kirby's Digest, § 733; 1 Washb. Real Prop. (5 ed.) 82, 93. If not a fee tail the rule in Shelley's Case will apply. Kirby's Digest, § 735; 1 Washb. Real Prop. (5 ed.) 98-100; 58 Ark. 303. The latter case is conclusive.

3. If Mrs. Dearing only took a life estate, the heirs are personally liable on the covenants of warranty. But irrespective of the estate held by the widow, the heirs are personally liable by the assumption of the debt recited in the deeds to them.

*W. E. Patterson,* for appellees.

1. The deed created an estate tail, and under section 735, Kirby's Digest, Mrs. Dearing took only a life estate. At her death her children became seized in fee simple. 44 Ark. 458; 49 *Id.* 125; 58 *Id.* 303; 67 *Id.* 517; 72 *Id.* 336; 75 *Id.* 19; 95 *Id.* 18; 94 *Id.* 615; 98 *Id.* 570. The habendum clause does not add to or take from the estate granted or limited to "bodily heirs" or "heirs of the body." 98 Ark. 570; 95 *Id.* 18; 94 *Id.* 615.

The habendum clause does not enlarge the estate. Cases *supra.* When Mrs. Dearing died her deed of trust was a nullity, as she took only a life estate. 16 Cyc. 636, 641; 49 Ark. 130.

2. The heirs were not liable and the claim was barred. 33 Ark. 640; 74 *Id.* 348; 97 *Id.* 492; 94 *Id.* 60; 18 *Id.* 334; Kirby's Digest, § 5399, as amended by Act No. 260, Acts 1911; 32 Ark. 714; 31 *Id.* 234; 56 *Id.* 445.

3. The heirs received nothing from the mother's estate.

4. There was no consideration for the assumption of plaintiff's debt. 110 Ark. 70; 27 Cyc. 1355. They are not estopped.

*Mahony & Mahony,* for appellees, Sanders and Mahoney, executors, adopt the above brief for appellees.

STATEMENT BY THE COURT.

Appellant instituted this action in the chancery court against appellees to recover judgment for a balance alleged to be due it and to have the same declared a lien upon the land described in the complaint. The material facts are as follows:

On the 6th day of December, 1892, H. L. Dearing, Jr., executed a deed to certain lands in Union County, Arkansas, and also one acre in the town of El Dorado. The consideration recited in the deed was the love and affection which he bore his beloved wife, Minnie I. Dearing. The granting clause is as follows:

"Do hereby grant, bargain, sell and convey, unto Minnie I. Dearing the following lands lying and situated in Union County, Arkansas, and described as follows, to-wit: (Here follows a description of the lands.) To have and to hold the aforegranted premises to the said Minnie I. Dearing and her heirs by me of her body born, or that may be hereafter to us born, in fee simple forever."

H. L. Dearing, Jr., died leaving surviving him his widow, Minnie I. Dearing, and three children, namely: H. L. Dearing, Irene Garrett and Annie Dearing (Annie Dearing afterward married W. G. Grace). His widow, Minnie I. Dearing, subsequently married Patrick McNalley, and on the 27th day of June, 1911, executed a mortgage on the one-acre tract in El Dorado above referred to, to secure a loan to her by appellant of $1,000. She died intestate on February 3, 1913, and at the time of her death there was a balance due on said mortgage. After her death, her son-in-law, Charles S. Garrett, became administrator of her estate. Later on J. H. Alpin became administrator in succession of her estate.

In July, 1914, H. L. Dearing conveyed an undivided one-third of the land to W. G. Grace. In December, 1914, W. G. Grace and Annie Dearing Grace conveyed an undi-

vided two-thirds of the land to R. A. Hilton. The consideration in the deed is "$1,000; * * * part of the above shall be an assumption of our *pro rata* due the Georgia State Savings Association."

In April, 1915, R. A. Hilton and wife conveyed a two-thirds interest in the land to J. W. Sanders. The conveyance recited that the "consideration was two-thirds of $1,400. The said two-thirds of $1,400 to be the assumption to the Georgia State Savings Association $748.01, cash, $652.99." In April, 1915, Irene Garrett conveyed to J. B. Sanders an undivided one-third of the land. The deed recited the consideration to be "one-third of $1,400. The said one-third of $1,400 to be the assumption to the Georgia State Savings Association $748.01 and cash $652.99." In August, 1915, J. W. Sanders and wife conveyed the land to C. H. Murphy for the consideration of $616.30. The record shows a number of payments on the obligation due appellant by Minnie I. McNalley, the last being on November 7, 1912. After her death her children made a number of payments, amounting to something over $350. The balance due appellant on January 7, 1916, was $734.52. Appellants did not probate their claim against the estate of Minnie I. McNalley after her death.

The chancellor found the issues in favor of appellees and dismissed the complaint of appellant for want of equity. The case is here on appeal.

HART, J., (after stating the facts). (1) It is first contended by counsel for appellant that under section 733 of Kirby's Digest the deed from H. L. Dearing, Jr., conveyed to Minnie I. Dearing a fee simple title in the acre of land in El Dorado involved in this suit. The granting clause in the deed was to Minnie I. Dearing and the habendum clause was "to the said Minnie I. Dearing and her heirs by me of her body born or that may be hereafter to us born, in fee simple forever." They claim that the granting clause is to Mrs. Dearing and that there

are no appropriate words limiting her estate and that therefore she acquired a fee simple title under the deed. They rely on the case of *Hardage* v. *Stroope,* 58 Ark. 303, as being conclusive of their contention. We do not think that case sustains their contention. The clause upon which the rights of the parties in that case hinge is as follows:

"To have and to hold the said land unto the said Tennessee M. Carroll for and during her natural life, and then to the heirs of her body, in fee simple; and if at her death there are no heirs of her body to take the said land, then and in that case to be divided and distributed according to the laws of descent and distribution in this State." There the limitation was to the heirs generally and Tennessee M. Carroll acquired a fee simple title.

(2) In the present case the effect of the clause in the deed was not to create a limitation to the heirs of Minnie I. Dearing in general, but the limitation was to the heirs of her body and she took a life estate. The office of the habendum clause of a deed is to explain or define the extent of the grant, and is rejected only where there is a clear and irreconcilable repugnancy between the granting and habendum clauses in the deed.

In the construction of deeds it is the duty of a court to harmonize the different parts so as to give effect, if possible, to each part. The language of the clause of the deed in question does not bring it within the rule in Shelley's case, so as to convey an estate in fee simple to Minnie I. Dearing, subsequently Minnie I. McNalley. In conformity to the rule of construction in *McDill* v. *Meyer,* 94 Ark. 615, she took only an estate for life.

It is contended that the words "in fee simple forever" in the habendum clause enlarges the estate to a fee simple in Minnie I. Dearing. We do not think the habendum clause in the present deed enlarges the granting clause, but that the words "in fee simple forever" mean that the heirs of the body of the life tenant take the remainder in fee simple. This is the construction put upon

a similar clause in the case of *Dempsey* v. *Davis*, 98 Ark. 570.

(3)   Thus it will be seen that under the deed of Harry L. Dearing, Jr., to the land involved in this suit, Minnie I. Dearing, afterward Minnie I. McNalley, took a life estate, and their children, Harry L. Dearing, Annie Grace and Irene Garrett, took the remainder in fee simple.   Minnie I. Dearing could only mortgage her interest in the land to appellant.   At her death the mortgage ceased to be in force, and appellant only had a claim against her estate.

(4-5)   An administrator of her estate was appointed on February 15, 1913, and appellant did not probate its claim against her estate within one year after the appointment of her administrator.   Hence appellant's claim against her estate is barred by the statute of nonclaim. At the death of Minnie I. McNalley a fee simple estate in the mortgage premises vested in her three children above named.   There was no contractual or other relation between them and appellant.   They conveyed the land by deed to other parties, and in the deed it was recited that the grantee would assume a certain part of the mortgage to appellant.   There was no contractual relation between their grantees and appellant, the beneficiary of the promise, and no consideration moved from appellant either directly or indirectly to the promisors.   The rule in this State is that a stranger to a contract between others in which one of the parties promises to do something for the benefit of such stranger, there being nothing but the promise (no consideration from the stranger, and no duty or obligation to him on the part of the promisee), can not recover thereon.   *Thomas Mfg. Co.* v. *Prather,* 65 Ark. 27; *Little Rock Ry. & Elec. Co.* v. *Dowell,* 101 Ark. 223; *Kramer* v. *Gardner,* 104 (Minn.) 370, 22 L. R. A. (N. S.) 492, and case note, and *Fry* v. *Ausman* (S. D.), 39 L. R. A. (N. S.), 150.

It follows that there was no liability on the part of the defendants and the mortgage was not a lien on their

interest in the land. The chancellor was right in dismissing the bill of appellant for want of equity, and the decree will be affirmed.