SCHMIDT *v.* GRIFFITH.

Opinion delivered May 10, 1920.

CONTRACTS — AGREEMENT TO PAY ANOTHER'S DEBT — ENFORCEMENT.— Where defendants, who were officers of a corporation and owners of most of its stock, sold the property of the corporation, and agreed to protect the purchasers of the property against all claims against the corporation, a creditor of the corporation can not recover on such promise; there being no privity between plaintiff and such purchasers.

Appeal from Franklin Circuit, Ozark District; *James Cochran,* Judge; reversed.

*Robert J. White,* for appellants.

If the option and lease contracts have any probative force it is to explain the intention of the parties of the list of debts assumed and what they want in that list contract between appellants and the Alix Coal Company. These, taken with the evidence of Coffer and R. A. Schmidt, show that appellants never intended to pay or assume appellee's debt, but the only agreement entered into, or intended, was to protect the property against liens or claims which might become liens by suit or otherwise. The Alix Coal Company did not owe Griffith anything and there was no reason for them to exact such promise, as they could not, and did not, recover any benefit from such a promise, and there was no consideration directly moving appellants to make such promise to Alix Coal Company for appellant's benefit, under Kirby's Digest, §§ 5999-6002. See 65 Ark. 27; 86 *Id.* 212-218; 9 L. R. A. (N. S.) 889.

There being no sufficient testimony to prove an agreement made by appellants with Alix Coal Company to pay appellee's debt, a new trial should have been granted and the cause dismissed. 73 Cal. 522; 76 Fed. 130.

If this action would lie at all on a promise made by appellants to Alix Coal Company for the benefit of appellee, it would be in assumpsit for the full amount of the debt beyond the jurisdiction of the justice of the peace. 169 S. W. 959.

*Partain & Carter,* for appellee.

The agreement with the Alix Coal Company to pay all the debts of the Schmidt-Blakely Coal Company except the one excepted was an unconditional promise to pay appellee's debt, and they are bound by it.

Where a promise is made for the benefit of a third person, the beneficiary may sue for a breach thereof. 46 Ark. 132; 31 *Id.* 144; *Ib.* 411; 90 Ark. 351; 25 *Id.* 196; 93 *Id.* 346; 107 *Id.* 118; 112 *Id.* 260.

McCULLOCH, C. J.   The facts of the case are these: appellee is a creditor of the Schmidt-Blakely Coal Company, a domestic corporation engaged in coal mining, the debt being evidenced by certain promissory notes executed to cover a pre-existing debt.   Appellants were president and secretary, respectively, and the owners of practically all of the stock of said corporation, and in January, 1919, they entered into a written contract whereby they sold and delivered all of the property of the Schmidt-Blakely Coal Company to certain individuals, who organized another corporation, called the Alix Coal Company, for the purpose of operating the mines.   In the contract of sale the new corporation, the Alix Coal Company, assumed payment of certain specified debts of the Schmidt-Blakely Coal Company, which were mentioned in a list attached to the contract.   This list does not contain the debt to appellee, but in another clause of the contract appellants undertook and agreed with Alix Coal Company to "protect it against any other claims against the Schmidt-Blakely Coal Company and Superior Coal Company, arising prior to January 15, 1919, either paying same or allowing same to be deducted from moneys due us, after settling through suit or legal adjustment."

There was a preliminary contract between the parties giving the purchasers an option, which was afterward accepted, and the contract from which the above quotation is taken was the writing which evidenced the consummation of the sale. The option contract contained a stipulation that "if this option is exercised, the said R. A.

Schmidt and Charles Schmidt are to deliver the property herein mentioned free and clear of all liens, charges and obligations of every character and description, and that they are to pay and satisfy all demands, debts and obligations of every character and description, due from and by the Schmidt-Blakely Coal Company and the Superior Coal Company.''

Appellee sued appellants on the obligation of the contract with the original purchasers, the Alix Coal Company, claiming the right to maintain the suit on the theory that the contract was made for appellee's benefit as a creditor of the Schmidt-Blakely Coal Company. There are many decisions of this court announcing the familiar rule that where a promise is made to one party upon a sufficient consideration for the benefit of another, the beneficiary may sue the promisor on his promise. *Hecht* v. *Caughron*, 46 Ark. 132; *Thomas Mfg. Co.* v. *Prather*, 65 Ark. 27; *Spear Mining Co.* v. *Shinn*, 93 Ark. 346; *Dickinson* v. *McCoppin*, 121 Ark. 414. It is not sufficient, however, under the law declared in those decisions, merely to show that there is a benefit to result to a party, but in order to sue there must be privity between the parties seeking to maintain the action of the promisee in the contract. In other words, there must be an obligation existing at that time on the part of the promisee which constituted privity between the parties in order to entitle a third party to maintain the action on the promise. *Dickinson* v. *McCoppin, supra.* The cases in which the doctrine has been applied are those where the promisor entered into an engagement with the debtor of a third party to pay the debt, and it was held that the third party, as a creditor of the promisee in the contract, had the right to maintain the action. In the present case, however, there is no privity existing between appellee and the purchaser under the contract, who were the promisees in the contract sued on. Neither the Alix Coal Company nor the original purchasers were resting under any obligation to pay the debts of the Schmidt-

Blakely Coal Company to appellee except those expressly mentioned. The promise was made entirely for their benefit; and while appellee would have been the beneficiary on the performance of the contract, there was no such privity as to entitle him to claim those benefits.

This is not an attack on the validity of the sale, and there is no fraud charged, and the purchasers of the property of the Schmidt-Blakely Coal Company did not by that purchase bind themselves to pay this debt or any other debt of the Schmidt-Blakely Coal Company, except those expressly mentioned in the contract. We are therefore unable to find any theory upon which appellee's action against appellants can be sustained. They have made no contract with appellee for the payment of his debt, nor have they made any contract for his benefit with one who was in privity with appellee.

The judgment is reversed, and as the facts fully developed show there is no right of action, the cause will be dismissed. So ordered.